UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STILLWATER DESIGNS AND AUDIO, INC., d/b/a KICKER, <br><br> Plaintiff, <br><br> v. <br><br> EBAY RESELLER "archer_store," <br><br> Defendant. | * <br> * <br> * <br> * <br> *   Civil Action No. 1:23-cv-11210-IT <br> * <br> * <br> * <br> * |

MEMORANDUM & ORDER

November 1, 2023

TALWANI, D.J.

Pending before the court is Stillwater Designs and Audio, Inc., d/b/a Kicker's ("Kicker") Motion for Default Judgment ("Default Mot.") [Doc. No. 12] against Defendant eBay Reseller "archer_store" ("archer_store"). The motion is GRANTED for the following reasons.

I.   **Background**

Kicker brought this suit against archer_store alleging trademark counterfeiting and infringement under 15 U.S.C. § 1114 and unfair competition and false designation of origin under 15 U.S.C. § 1125(a). Compl. ¶¶ 51–70 [Doc. No. 1]. As alleged in the Complaint [Doc. No. 1], Kicker makes audio products that it advertises, distributes, and sells under several trademarks issued to Kicker by the U.S. Patent and Trademark Office. Id. at ¶¶ 9, 11–14.

The Complaint [Doc. No. 1] alleges that archer_store, a Chinese company, represents itself on eBay.com as an authorized dealer of Kicker's products and sells various products bearing Kicker trademarks—advertising them as "genuine" and "new." Id. at ¶¶ 10, 21–23, 34. Kicker alleges that archer_store is not an authorized Kicker dealer, and the products are counterfeit. Id. at ¶¶ 10, 28. Kicker states by way of example that it purchased some of the

products at issue from archer_store and discovered the products contained components not manufactured by Kicker and packaging differences from genuine Kicker products. Id. at ¶¶ 30–31. Kicker also alleges that archer_store intentionally misrepresents itself as an "Authorized Dealer" of Kicker products, when it has never been authorized to sell Kicker products, and that it falsely claims that every product it sells is "100% authentic." Id. ¶¶ 34–38. Kicker states that it has contacted archer_store regarding the sale of counterfeit products, false advertising, and other improper conduct, but that archer_store has continued to engage in these actions, resulting in consumer deception and confusion. Id. at ¶¶ 38–47.

On June 5, 2023, Kicker filed a Motion for Alternative Service of Process [Doc. No. 5] stating that Kicker was "unable to locate a physical address for [archer_store] to effectuate service of process" and that archer_store's only ascertainable characteristic was its eBay seller name. The court granted Kicker's motion on June 9, 2023, allowing Kicker to effectuate service through eBay.com's "contact seller" portal. Electronic Ord. Granting Pl.'s Mot. for Alternative Service of Process [ECF No. 6]. On June 13, 2023, Kicker served archer_store through eBay.com's "contact seller" portal. Aff. of Service [Doc. No. 7]. Archer_store has not appeared and has not filed a response. Accordingly, on Kicker's request, the clerk entered default as to archer_store on July 7, 2023. Entry of Default [Doc. No. 8].

On July 31, 2023, Kicker filed the pending Motion for Default Judgment [Doc. No. 12] requesting injunctive relief and statutory damages.

    **II.    Standard of Review**

        A.    *Default Judgment*

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for entry of a default judgment. First, under Rule 55(a), the clerk must enter a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise

defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, upon obtaining a clerk's notation of default, a plaintiff must apply to the court for a default judgment where, as here, the plaintiff's claim is not for a "sum certain." Fed. R. Civ. P. 55(b).

When a defendant has failed to respond to the complaint, the court presumes that all well-pleaded factual allegations relating to liability are true. See Sec. & Exch. Comm'n v. Tropikgadget FZE, 146 F.Supp. 3d 270, 275 (D. Mass. 2015). While the court may set a hearing to determine damages "when the amount is in dispute or is not ascertainable from the pleadings," the court may order default judgment without a hearing where "the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object." In re The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002). "It follows that a default does not expose a defendant to impositions not properly identified before the entry of default." Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 40 (1st Cir. 2012).

The court finds that archer_store was properly served through eBay.com's "contact seller" portal on June 13, 2023, see Aff. of Service [Doc. No. 7], and that archer_store failed to answer. Accordingly, entry of a default by the clerk under Rule 55(a) was appropriate. The court also finds that default judgment is appropriate as Kicker has stated valid claims of trademark infringement and false designation of origin.

### III. Discussion

#### A. Liability for Trademark Infringement Under 15 U.S.C. § 1114

A plaintiff establishes a trademark infringement claim by alleging (1) "that its mark[s] [are] entitled to trademark protection," and (2) "that the allegedly infringing use is likely to cause consumer confusion." Bos. Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008). With respect to the first element, "[r]egistration [on the Principal Register of the United States Patent and Trademark Office] serves as *prima facie* evidence that the trademarks are

entitled to protection." Bose Corp. v. Ejaz, 732 F.3d 17, 26 (1st Cir. 2013). The Patent and Trademark Office registration numbers and dates associated with Kicker's trademarks as provided in the Complaint [Doc. No. 1] serve as prima facie evidence that the first element of trademark infringement is satisfied. Compl. ¶ 11 [Doc. No. 1].

As to the second element, the First Circuit test considers the following eight factors for determining consumer confusion: (1) the similarity of marks; (2) the similarity of goods; (3) the relationship between parties' channels of trade; (4) the relationship between the parties' advertising; (5) the classes of prospective purchasers; (6) evidence of actual confusion; (7) the defendants' intent in adopting its mark; and (8) the strength of the plaintiff's mark. Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 567 F.2d 482, 487 (1st Cir. 1981). However, when a defendant *intentionally* copies a trademark, a court can adopt a presumptive "likelihood of confusion" which can be overridden only by evidence rebutting the inference. Boston Athletic Ass'n v. Sullivan, 867 F.2d 22, 34 (1st Cir. 1989).

This element is satisfied as Kicker alleges intentional use of these trademarks on at least three counterfeit products. Id. at ¶¶ 25, 33–34, 39, 55–58. Kicker's assertion that archer_store's use of the marks was willful is further bolstered by archer_store's marks being virtually identical to Kicker's, see id. at ¶¶ 11, 25, 34, and by archer_store allegedly representing itself on eBay.com as an "authorized" dealer of Kicker products. Id. at ¶ 35. Taken as true, these factual allegations create a rebuttable presumption of consumer confusion. Even without this presumption, applying the Pignons factors to the facts as alleged also establishes consumer confusion. Again, taking the facts alleged in the Complaint [Doc. No. 1] as true, all eight factors point to consumer confusion. Id. at ¶¶ 11, 21–40, 42–46.

Based on the foregoing analysis, the court finds that Kicker has stated a cognizable claim—and that archer_store is liable—for trademark counterfeiting and infringement.

### B. *Liability for Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)*[1]

When a false designation of origin claim is brought in conjunction with a trademark infringement claim, establishing the former can "suffice[] to establish likelihood of success on [the latter]." Northern Light Tech. Inc. v. Northern Lights Club, 97 F.Supp. 2d 96, 120 (D. Mass. 2000) (holding that a likelihood of success on the merits of a trademark infringement claim warranted an automatic likelihood of success on the merits of a false designation of origin claim).

The court's finding of liability for trademark infringement, therefore, establishes that Kicker has alleged a valid claim for relief on this count as well. As such, the court finds that since Kicker has stated a cognizable claim, archer_store is liable for unfair competition and false designation of origin.

### C. *Kicker's Requested Relief*

Kicker requests the court enter an order (A) enjoining archer_store from (i) using Kicker marks or other Kicker intellectual property; (ii) acquiring, or taking steps to acquire, any Kicker products; (iii) selling, or taking steps to sell, any Kicker products; (iv) engaging in unfair competition with Kicker; and (v) inducing, assisting, or abetting other persons or entities in

---

[1] Kicker states a claim for "False Designation" under § 1125(a) in the Complaint [Doc. No. 1]. Compl. 13 [Doc. No. 1]. However, in Kicker's Motion for Default Judgment, this claim is referred to as "False Advertising." Mot. Def. Judg. 7 [Doc. No. 12]. Despite this change, Kicker nonetheless argues and provides support for false designation. Id. at 8 n.2. Because this appears to be a simple oversight on the part of Kicker, and because procedures regarding default judgment require this court to consider claims as pleaded in the complaint, this court will assess Kicker's claim for false designation and disregard the mention of false advertisement.

engaging in these activities; and (2) awarding Kicker $1,000,000 in statutory damages pursuant to 15 U.S.C. § 1117(c). Def. Mot. 16–17 [Doc. No. 12].

          1.      Injunctive Relief

Injunctive relief is proper "where (1) the plaintiff has prevailed on the merits, (2) the plaintiff would suffer irreparable injury in the absence of injunctive relief, (3) the harm to the plaintiff would outweigh the harm to the defendant[] from an injunction, and (4) the injunction would not adversely affect the public interest." Joyce v. Town of Dennis, 720 F.3d 12, 25 (1st Cir. 2013). "To be entitled to a forward-looking remedy, a plaintiff must satisfy the basic requisites of equitable relief—'the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law.'" Steir v. Girl Scouts of the USA, 383 F.3d 7, 16 (1st Cir. 2004) (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)). This requires a showing "either that some past unlawful conduct has continuing impact . . . , or else . . . a likelihood of future unlawful conduct on the defendant's part." Lopez v. Garriga, 917 F.2d 63, 67 (1st Cir. 1990) (internal citations omitted).

Having established that archer_store is liable for both claims, Kicker has prevailed on the merits of the case. Kicker has also alleged that archer_store is likely to continue its activities to the irreparable harm of Kicker. Compl. ¶ 50 [Doc. No. 1]. Further, the injunctive relief requested by Kicker would not cause any harm to archer_store as archer_store has no legal entitlement to the activities the injunction would prohibit. Finally, there are no negative public interest concerns that would arise from granting the injunction, and to the contrary, an injunction enjoining infringing behavior would protect consumers from being deceived or confused.

The court finds that Kicker's request for injunctive relief falls within (and is less burdensome than) that requested in the Complaint [Doc. No. 1]. The court enjoins archer_store

from the following: (1) using Kicker intellectual property; (2) selling, or taking steps to sell, any Kicker products; (3) engaging in unfair competition with Kicker; and (4) inducing, assisting, or abetting other persons or entities in engaging in the same.[2]

### 2. Statutory Damages Under 15 U.S.C. § 1117(c)

15 U.S.C. § 1117(c)(1) authorizes an award of statutory damages for cases of trademark infringement of "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." The amount can be amplified to "not more than $2,000,000 per counterfeit mark per type of goods or services" if the court finds that the use of the counterfeit mark was willful. *Id.* § 1117(c)(2). The Lanham Act grants the district courts wide discretion in determining the appropriate relief for violations of federal trademark law. Maier Brewing Co. v. Fleischmann Distilling Corp., 390 F.2d 117, 121 (9th Cir. 1968); Phoenix Mfg. Co. v. Plymouth Mfg. Co., 286 F. Supp. 324, 329 n.6 (D. Mass. 1968). In determining statutory damages, a court can consider, *inter alia*, (1) expenses saved, and profits reaped by the defendant; (2) revenues lost by the plaintiffs; (3) the deterrent value of the award; and (4) whether the infringement was willful or innocent. Cf. Polygram Int'l. Pub., Inc. v. Nevada/TIG, Inc., 855 F. Supp 1314, 1335 (D. Mass. 1994).

Since Kicker alleges archer_store intentionally infringed the trademarks of at least three products, Compl. ¶ 25, 34 [Doc. No. 1], Kicker's requested damages of $1,000,000 falls well within the statutory maximum of "not more than $2,000,000 per counterfeit mark per type of good." 15 U.S.C. § 1117(c)(2). This amount also falls within the amount contemplated by the

---

[2] Although the court is not enjoining archer_store from acquiring, or taking steps to acquire, any Kicker products, evidence that archer_store is acquiring Kicker products in the future may be considered by the court as evidence tending to support a claim that archer_store is violating the prohibitions set forth herein.

Complaint [Doc. No. 1], which put archer_store on notice of the potential damage award if it failed to defend the action. Id. at 15. This amount will not only adequately compensate Kicker for the alleged dilution of its tradename, loss of goodwill, and lessening of sales, id. at ¶¶ 47–49, but also serve as a deterrent to others contemplating similar violations of the Lanham Act.

For these reasons, the court finds that the amount requested is reasonable and awards Kicker $1,000,000 in statutory damages.

### IV. Conclusion

For the foregoing reasons, Kicker's Motion for Default Judgment [Doc. No. 12] is GRANTED. The court awards $1,000,000 to Kicker in statutory damages and an injunction enjoining archer_store from (1) using Kicker's intellectual property; (2) selling, or taking steps to sell, any of Kicker's products; (3) engaging in unfair competition with Kicker; and (4) inducing, assisting, or abetting other persons or entities in engaging in the same.

IT IS SO ORDERED.

November 1, 2023                          /s/ Indira Talwani
                                          United States District Judge